Law Library

IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2012 MAY 16 PM 1:27

CLERK OF COURT

BY:____

THE PEOPLE OF GUAM,

vs.

VINCENT ROY REYES,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CF0538-10

DECISION AND ORDER

This matter came before the HONORABLE VERNON P. PEREZ on April 10, 2012. Attorney Randall F. Cunliffe appeared representing Defendant, who was present. Attorney David Rivera appeared on behalf of the Government. Having reviewed the pleadings and the arguments presented, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant faces eight charges stemming from the traffic related death of Victoria T. Camacho. The most serious crime Defendant is charged with is manslaughter with the special allegation of possession and use of a deadly weapon in the commission of a felony. Defendant filed a Notice of Motion and Motion In Limine to Exclude Evidence on March 22, 2012. The Government opposed on April 2, 2012 and Defendant replied on April 3, 2012. The Court heard the Motion on April 10, 2012.

## DISCUSSION

**Motion to Exclude**

Defendant now moves to exclude the Government from presenting any evidence of the methods used by the Government of Guam to establish the speed limit at the area where the incident took place. The Government argues that Defendant's Motion was filed after the motion

deadline passed as controlled by the scheduling order filed on April 25, 2011. As discovery is incomplete and Defendant has argued for the requested evidence for the entire duration of discovery, the Court cannot now apply the scheduling order to Defendant's Motion. Additionally, a motion to suppress evidence such as Defendant's current Motion In Limine, are proper until the start of trial. 8 GCA § 65.15. The Government has struggled, at no apparent fault of its own, to acquire the requested discovery. Furthermore, Government has never, until now, contended that said discovery is unobtainable. On the contrary, the Government has repeatedly explained that it continues to attempt discovery. As a result, the Court will allow Defendant's Motion to stand because the Court finds good cause delay created by the Government's difficulty in acquiring said discovery.

**Discovery Violations**

Defendant argues that the failure of the Government to provide discovery, regarding the method the Government of Guam used to establish the speed limit at Route 15, Mangilao at the place of the incident, requires sanctions. *People v. Tuncap*, 1998 Guam 13, ¶23. The Government claims that they performed their duties diligently only to conclude that the requested discovery is not within the possession and control of the Guam Police Department, but controlled by the Department of Public Works, Highway Division which is also a Government of Guam entity.

Regardless of the requests by Defendant and argument by the Government, the Court will not allow surprise evidence at trial. The Court finds, here, that the evidence likely exists and Defendant is aware of it. The Government does not appear to have an unfair advantage of time with the evidence that would concern the Court. The evidence, if it exists and becomes

available will be immediately turned over to the Defendant to prepare for trial. At some point the advent of trial will become too immediate and the evidence will be excluded by this Court.

In opposition, the Government appears to suggest that it will not be using the evidence at trial as the Government finds the evidence immaterial and irrelevant "to the issue of whether the Defendant was driving faster than the posted speed limit." *See* The Government's Opposition at 5. However, Defendant requests far greater exclusion from the Court. Defendant desires that all evidence relating to his speed at the time of the incident be excluded for the Government's discovery failure. The Court is not confident that a factual determination of Defendant's culpability could be made without some testimony of his speed at the time the incident occurred. The Court does, nevertheless, understand that an unfair advantage would be gained by the Government to know of information and purposely not acquire it or spring it upon Defendant on the eve of trial. Like the Defendant, the Court desires to see the evidence on how Guam speed limits are set and how it relates to Defendant's culpability. However, the Court does not currently find that such evidence is highly relevant.

The Court will require that the Government do its absolute best in acquiring said information as soon as possible. The Court will reserve on this issue until a later time because the Court cannot now speculate as to the surprise effect of the evidence on Defendant until the appropriate time or the relevance of the requested discovery. As this Motion is a motion in limine, the Court will provide the Government one more opportunity to bring the evidence at issue before ruling it excluded.[1] Clearly trial in this case will be long after the trial date set in

---

[1] The Court recognized Defendant's desire to get the requested discovery or penalize the Government for not being able to acquire said discovery. The Court will not deem a renewed motion by Defendant untimely if the Government waits until the last possible minute to turn over the discovery or attempts to use the same evidence at trial without first providing it through the discovery process. 8 GCA § 65.14 allows for motions to suppress evidence as long as they occur before the trial.

the scheduling order. If the Government is unable to provide the requested discovery two weeks before trial, the Court will not allow the Government to then bring evidence on the methods used to set speed limits on Guam. Yet, the Court is hesitant to deny all evidence relating to Defendant's speed at the time of the incident due to the Government's inability to acquire that evidence. In sum, the Court finds the issue not yet ripe and discovery of this piece of evidence continues. The Court, although, cannot sanction the Government such that it would be unable to present any testimony of the Defendant's speed at the time of the incident without a strong showing in support of such a sanction. That showing is not yet present. For now, the evidence does not appear to be crucially relevant to the case as it relates to the determination of speed limits on Guam. As long as the delay to acquiring the discovery does not amount to surprise against the Defendant, the Court desires to wait until closer to a set trial date for another motion in limine.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion In Limine. The Court further orders that the Government provide the requested discovery if it is remotely possible to do so and to provide that discovery expeditiously. The Parties will return May 30, 2012 at 9:00a.m. for a Pre-trial Conference.

ORDERED this 16th day of May, 2012.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM